IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ESAW LAMPKIN | § | |
| v. | § | CIVIL ACTION NO. 6:23cv174 |
| DANIEL COX | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Esaw Lampkin filed this application for the writ of habeas corpus apparently challenging the legality of his confinement. The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Petitioner's application names a Henderson County assistant district attorney as the respondent, but refers on Page 1 of his habeas form to convictions from Gregg County and Dallas County. His statement of claim refers to remedies undertaken in Henderson County and he says that he sought habeas corpus in Henderson County. His request for relief asks for "the expungement of criminal records," apparently referring to the Henderson County conviction, but his grounds for relief do not set out any clear basis for expungement of the records or setting aside the conviction.

On October 13, 2023, the Court ordered Petitioner to file an amended petition specifying his grounds for relief, the facts supporting each ground, and the relief sought, in conformity with Rule 2(c) of the Rules Governing Section 2254 Proceedings in the United States District Courts. A copy of this order was sent to Petitioner at his last known address, the Henderson County Jail, but was returned as undeliverable. The on-line records of Henderson County show that Petitioner was released from the jail on July 20, 2023. *See* https://portal-txhenderson.tylertech.cloud/PublicAccess/JailingSearch.aspx?ID=400. Plaintiff has not provided his current address nor communicated with the Court in any way since that date. The Court has no duty to locate litigants.

1

*Anderson v. Munger*, civil action no. 5:17cv175, 2019 U.S. Dist. LEXIS 112409, 2019 WL 2929056 (E.D.Tex., July 8, 2019).

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. *Id.*, *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). Petitioner's failure to prosecute his case is demonstrated by his failure to apprise the Court of his mailing address or current whereabouts. *See also Callier v. Cain*, civil action no. 3:11cv2144, 2012 WL 2602958 (W.D.La., June 6, 2012), *Report adopted at* 2012 WL 2674595 (W.D.La., July 3, 2012) (stating that "indeed, the evidence suggests that he no longer wishes to pursue this matter since he has not contacted the court since he submitted his *in forma pauperis* application on January 25, 2012, some four months ago").

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988), *citing Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Petitioner's failure to notify the Court of his mailing address or current whereabouts is not an action which threatens the judicial process, rendering dismissal with prejudice unwarranted. The imposition of fines and costs is not appropriate given the status and nature of this case. Because the bases for Petitioner's claims are wholly uncertain, it cannot be determined whether or not the statute of limitations has expired.

The Court is mindful of the fact that a dismissal with prejudice does not appear to be warranted under the facts of this case at this time. In *Curtis v. Quarterman*, 340 F.App'x 217, 2009

U.S. App. LEXIS 17021, 2009 WL 2351620 (5th Cir., July 31, 2009), the petitioner's application for habeas corpus relief was dismissed without prejudice for failure to prosecute after the petitioner did not reply to the respondent's summary judgment motion within 30 days. The statute of limitations expired during the pendency of the proceedings, making the dismissal effectively with prejudice.

The Fifth Circuit explained that dismissals with prejudice for failure to prosecute are affirmed only in limited circumstances, primarily where there has been "a clear record of purposeful delay or contumacious conduct" by the petitioner and a determination has been made that the best interests of justice would not be better served by lesser sanctions. No such circumstances existed in that case; consequently, the Fifth Circuit remanded the case for further consideration.

The record in *Curtis* demonstrated that the limitations period had expired. In the present case, by contrast, that question cannot be determined because the petitioner's petition does not comply with Rule 2(c). It is nonetheless clear that the case cannot continue in the absence of any communication from Petitioner, particularly with regard to his current location or mailing address. Consequently, the case should be dismissed without prejudice, with the provision of time for Petitioner to contact the Court should he wish to proceed with his case. *See generally Mills v. Criminal District Court No. 3*, 837 F.2d 677, 680 (5th Cir. 1988); *Rodriguez v. Holmes*, 963 F.3d 799, 802 (5th Cir. 1992).

RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed without prejudice for failure to prosecute. It is further recommended that should Petitioner contact the Court concerning this case within 90 days from the date of entry of dismissal, that the case should be reopened and continue as though no final judgment had been entered.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 29th day of November, 2023.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE